ALBERTY *against* DAWSON.

In Error.

*margin:* Wednesday, September 12th.

THIS was a *certiorari* to the Common Pleas of *Philadelphia* county. The cause originated before a justice of the peace, who gave judgment for *Dawson* the plaintiff below, upon a warrant of attorney, without issuing either summons or capias. This judgment was affirmed in the Common Pleas, and upon the removal to this court the proceeding without summons or capias was assigned for error.

*margin:* A justice of the peace cannot enter judgment upon a warrant of attorney. He must proceed by warrant in the nature of a summons or capias.

*M. Levy* for the plaintiff in error, cited the act of *April* 19th, 1794, which follows the act of *March* 1st, 1745. sec. 1. empowering justices " upon complaint made to them for a debt or de- " mand to issue a warrant in the nature of a summons or ca-

1804.

ALBERTY
v.
DAWSON.

" pias as the case may require;" but it gives them no authority to take jurisdiction in any other way. (a)

*Ross* contra, said that the section did not contain negative words, and that if the justice had jurisdiction of the amount, a warrant of attorney from the party waived the benefit of the ordinary proceeding. Though consent cannot give jurisdiction it may waive process.

SHIPPEN C. J. A limited authority, such as is given to justices of the peace, must be strictly pursued. They cannot interfere officially in a civil controversy without pursuing the steps pointed out by the act.

SMITH J. It has always been held that if the proceeding was neither by summons nor capias, it was irregular.

Per CURIAM.                              Judgment reversed.

(a)  *Vide Act April 9th*, 1807. *sec.* 8.  8 *St. Laws* 180.