*222 The opinion of the Court was delivered by
Tilghman C. J.
According to the law of England, no damages are recoverable on a scire facias, consequently no interest could be recovered, although in an action of debt on the judgment, interest might be recovered, by way of damages. But, inasmuch, as our act of assembly, made in the year 1700, directs, that the plaintiff who takes out an execution, may levy to the amount of his judgment and interest, it was decided by this Court in Berryhill v. Wells, 5 Binn. 56, that on a scire facias post annum, Uc. execution might be awarded for the amount of the original judgment and'interest. From this decision it may be inferred, that as to the recovery of interest, there is no difference between a scire facias and an action of debt. And this is putting the matter on the most convenient footing; for why should there be a different recovery, in two modes of proceeding on the same judgment, in the same Court ? I know, that in strictness, a scire facias is not an action, but a demand of execution. But in substance, it is the same as an action. In an action ®f debt, and a scire facias, the object is the same : the obtaining the fruits of the original judgment. Assuming then, that so far as concerns the recovery of interest, there is no difference between an action of debt, and a scire facias, we have only to inquire what interest could be recovered, if instead of each scire facias in the present casé, actions of debt were substituted. In the first action of debt, the plaintiff would have recovered the amount of his original judgment, with interest. The principal and interest would then be thrown into one consolidated sum, which would form the amount of the judgment in the first action of debt. In the second action of debt, the recovery would be, of the amount of the sum recovered in the first action of debt, with interest; and so, toties quoties. This is the principle contended for by the plaintiff. Nor is there any thing against equity in it. The payment of interest is occasioned by the default of the defendant. It is equitable, that he should pay interest on the whole sum detained from the plaintiff. And at each time when the plaintiff obtains judgment on a scire facias, the defendant, who makes default, detains from him the amount of the sum for which judgment was obtained. I have, since the last Term, had an opportunity of inquiring into the practice, and find that it has been usual to calculate *223 interest on the whole amount, including interest due at the time of entering judgment on each scire facias. I am therefore, of opinion, that the judgment of the Court of Common Pleas should be reversed, and judgment entered for the plaintiff in error, calculating interest according to the rule which I have mentioned.
Duncan J. gave no opinion, having been counsel for the plaintiff in error.
Judgment reversed, and judgment for the plaintiff in error.