# ADDENDA.

## Hays *against* Shannon.*

The revival of a judgment against a decedent's administrators, by a *scire facias* against his heirs, is irregular and erroneous. A sale, however, of the land of the decedent upon such judgment of revival is not void; it vests such a title in the purchaser as cannot be defeated in ejectment by the heirs at law; although after the sale, the judgment may have been set aside as erroneous.

ERROR to the common pleas of *Dauphin* county.

Ejectment for a lot of ground in Harrisburg, by Alexander L. Hays and wife against John Shannon.

The title to the lot in dispute had been vested in Alexander Berryhill, who had made a contract to sell it to Galbraith Patterson. After the death of both Alexander Berryhill and Galbraith Patterson, no deed having been executed or purchase money paid, the administrators of Patterson, confessed a judgment for the amount of the purchase money to the administrators of Berryhill, on the 15th May 1802. Several executions issued and *real estate* of the decedent was sold upon this judgment. In 1824, the administrators of Galbraith Patterson being dead a *scire facias* issued to revive the judgment against Edmund B. Patterson and Alexander L. Hays and wife, heirs at law of Galbraith Patterson, deceased, which was returned "*nihil.*" An *alias scire facias*, against the same defendants, was issued to April term 1824, which was also returned "*nihil,*" and on the 26th of May 1824, judgment was signed by the plaintiff's attorney in default of appearance. Upon this judgment an execution issued upon which the lot in question was levied and sold to the defendant, and a deed made by the sheriff, on the 16th of December 1824. The plaintiffs had the title of all the heirs at law of Galbraith Patterson, deceased, and at their instance in 1829, the judgment against them and all subsequent proceedings were set aside by the court.

The question was, whether the judgment execution and sale to the defendant were not erroneous and void, vesting no title in the de-

* This case did not come to the hand of the Reporter until after the Term to which it belongs was in print.

fendant. The court below, (by the President,) ruled the point against the plaintiffs.

*M'Cormick* and *Montgomery*, for plaintiffs in error.
*Foster*, for defendant in error.

The opinion of the Court was delivered by
GIBSON, C. J.—An unavoidable consequence of treating lands as chattels for payment of debts, is our practice to treat the executor or administrator of a debtor as the legal party to answer process against the real assets, whether *scire facias* or original. Its defect is that the heir, though admitted to defend spontaneously, is not joined as a party on the record, nor is a day in court always given him by notice. It is, however, indispensable to bring in the personal representative in order to protect the interests of the other creditors; and it is conceded that, for want of this, the judgment in this instance was erroneous. But was it void; or rather, did it, in the words of the statute, "warrant the awarding of the execution?" It is decisive that a *scire facias* is a substitute in practice here, for an action of debt elsewhere; and that the judgment on it is *quod recuperet*, instead of a bare award of execution. How it became so, it is bootless to inquire. From the foundation of the province to the present time, common law principles have been merged in our ignorance of common law forms, their best preservers and most conspicuous indices. Of this practice, we have a striking instance in the customary *scire facias* of the common pleas on a recognizance in the orphans' court, which, as a process of execution, ought, by the 13 Ed. 3, c. 45, to be in the court where the judgment or recognizance is, because no other is competent to award the execution of which it is the initiative. We sometimes use it, and, questionless, as original process, where there is no debt of record at all; as in the case of a mortgage or a mechanic's lien, which, though sufficient for notice to purchasers, ascertains nothing judicially in respect to the existence or amount of the debt. That remains to be done by verdict and judgment of recovery; and to that end, the *scire facias* is an original writ to bring the parties before the court. It is no more, even as an instrument of revival after a year and a day, except that it combines with the properties of an action of debt to recover the amount already adjudicated with the intermediate interest as principal, the remedial properties of a *scire facias* proper to continue the judgment. In Berryhill *v.* Wells, 5 *Binn.* 58, it was used to recover interest on an original judgment under the act of 1700; and in Fries *v.* Watson, 5 *Serg. & Rawle* 222, a judgment on it was held itself to bear interest as if it had been recovered in an original action. In the present instance, whatever objection there might be to it as a process of continuance merely—and legal parties are essential to a judgment as an *ens juris*—there can be none at all to it as a substitute for an original suit though brought against parties who were legally

irresponsible.   Take it to have been in form, as it was in substance, an action on the judgment; and it will follow that because the court had jurisdiction of it, the judgment in it was valid till it was vacated though the evidence were insufficient to support the declaration, or the declaration showed no cause of action.   I recollect no circumstances in which the judgment of a court of competent jurisdiction, may be treated as a nullity except those of fraud or collusion in the procurement of it; and then only by third persons, not by parties or privies directly affected by it.   It is not pretended that the defendant might have been evicted while the judgment stood in the way.   There was such a judgment there as warranted an award of execution; but perhaps not of such as was issued on it.   In debt or *scire facias* against the personal representative, execution goes against the assets, and it ought to have gone so here, where the recovery was suffered in a representative character; but as it was actually the decedent's land that was sold, and as it is pretty clear the execution was not intended to be against the defendants in their own right, we would, were it necessary, amend it on the authority of Black *v.* Webster, 4 *Dall.* 276, and Owen *v.* Simpson, 3 *Watts* 78. Consequently, though the summary vacation of the judgment was, in effect, a reversal of it, yet as there was a sufficient warrant for awarding what was in substance a valid execution, the purchaser under it is to be protected.

Judgment affirmed.