# Feger *against* Kroh.

The judgment of a justice of the peace, entered by authority of a warrant of attorney, is void; a transcript thereof filed in the common pleas, as a judgment upon which executions were issued, lands levied and sold, is also void, and will be reversed, and restitution of the money made by the sheriff's sale awarded.

ERROR to the common pleas of *Northumberland* county.

*Greenough,* for plaintiff in error, cited 1 *Binn.* 105; *Str. Purd.* 578.

*Donnel,* contra, cited 1 *Penns. Rep.* 15; 1 *Rawle* 223; 1 *Penns. Rep.* 251; 8 *Serg. & Rawle* 479; 5 *Binn.* 24; 13 *Serg. & Rawle* 214.

The opinion of the Court was delivered by
Huston, J.—The record presented the following case:
Jacob Kroh *v.* John Feger.   June 17th 1830, I entered judgment against the defendant, on a judgment note, dated the 1st day of June 1830, with interest, and stay of execution.

| | | | | | |
|---|---|---|---|---|---|
| Real Debt, | - | - | - | $79 | 45 |
| Interest, | - | - | - | | 20 |
| Judgment, | - | - | - | | 6 |
| Transcript, | - | - | - | | 18¾ |
| | | | | 79 | 89¾ |

[Feger v. Kroh.]

The above is a true transcript from my docket, June 17th 1830, costs paid, 25 cents.     ABRAHAM M'KINNEY.

On the transcript of which the above is a copy, the prothonotary entered on the docket of the court of common pleas of Northumberland county, as follows:

No. 87, of August term 1830.    Jacob Kroh v. John Feger. Transcript of a judgment on the docket of Abraham M'Kinney, Esq., dated the 17th of June 1830, for 79 dollars 66 cents, justice 25 cents.    Entered June 17th, 1830.

On November 8th, 1831, certificates of justice filed, stating that execution had been returned, ",no goods, no body."

To November term 1831, No. 66, plaintiff issued *a scire facias post annum, &c.*, returned *tarde venit.*

To January 1832, an *alias scire facias,* returned "nihil."

On January 18th, 1832, on motion of M'Donnel, proclamation made.

To expire April 1832, *pluries scire facias,* returned "nihil."

On April 23d, on motion of M'Donnel, and proclamation made, judgment.

No. 6, of August term 1832, *fieri facias,* returned levied on lands, &c., and condemned.

No. 19, of November term 1832, *venditioni exponas,* not returned. On the 5th of November 1834, on motion of Mr Greenough, rule to show cause why the original judgment and all subsequent proceedings should not be set aside.    April 12th, 1835, on motion and agreement, rule discharged, without prejudice to the parties.

Some reason for this decision will appear in the next case, which arose out of this proceeding.

In this case, on the above facts, this writ of error was brought, and it was assigned as error, that the proceedings before the justice were void, for want of jurisdiction over the defendant, who was never summoned, and never heard, or had any notice; and that the proceedings of the common pleas on this void judgment, of the justice, were also void.

The single bill was exhibited to this court, and was a promise to pay, with a power to any justice to enter judgment, with stay of execution; it may be conjectured the note was drawn in this manner by some third person, intending that the time during which execution should be stayed, should be added.

The attempt to frame notes in such way as that a judgment could be entered on them by a justice, without notice to the maker of the note, is of some standing; and it was decided, 1 *Binn.* 105, that a judgment so entered, was void, and was reversed; and by the revised act of the 20th of March 1810, the legislature in section second, directs a summons or capias, as the defendant is, or is not a freeholder, to issue in all cases before a justice, giving notice when he shall appear, &c.    And again, in section thirteenth, " in all bonds, bills, or notes, wherein by a special agreement in writing

[Feger v. Kroh.]

for that purpose, is waived the stay of execution given by this act, the justice may on application to him, made after the bond, bill, or note becomes due, *issue a summons or capias*, as the case may be, and proceed to hear and determine the same, as in other cases, &c.

It is true, the act does not expressly mention bills or notes, which contain, also, a power to the justice to enter judgment, but the plain meaning of the first and second sections, and thirteenth, is, that in no case, shall a justice give judgment against a defendant, without an appearance, or notice to appear at a specified time; and I had supposed, that since the case above cited in 1 *Binn.* 105, no justice was ignorant that he could not enter a judgment on such note. In 1 *Penns. Rep.* 20, Chief Justice Gibson, says, " it has been determined, that a warrant of attorney is altogether insufficient to authorize a justice to enter judgment; the act of assembly which gives him a qualified jurisdiction, *requires the parties to be before him*, and the abuses that might otherwise be practised, are sufficiently obvious, to require him to be held to the letter of his authority in this respect."

The judgment then rendered by the justice was totally void, and in the opinion of the majority of the court, the proceedings on it are illegal and erroneous, and must be reversed; but as the land was sold at sheriff's sale on the *venditioni exponas*, to the plaintiff, Jacob Kroh, and by him, sold to Keefer, before any motion to set aside the proceedings, the purchaser is protected by the ninth section of the act of 1705. This, on the ground that the manner in which the transcript was entered on the docket, and it is in the usual form, does not show, that the judgment of the justice was void; that the proceedings on the *scire facias*, showed a judgment of the common pleas regular on its face, and the execution would have been a justification to the sheriff; and that this, with section ninth of the act of 1705, protects the purchaser at sheriff's sale, or at least protects the purchaser from him, who bought before any objection to the proceedings.

The act of 1705, section ninth, is as follows; " if any of said judgments, which do or shall warrant the awarding said writs of execution, whereupon any lands or tenements, have been or shall be sold, shall at any time hereafter be reversed for any error or errors, then used in every such case, none of said lands, tenements, or hereditaments, so as aforesaid, taken or sold upon executions, nor any part thereof, shall be restored, nor the sheriff's deed or delivery thereof avoided, but restitution in such cases only of the money or price for which such lands were, or shall be sold.

Judgment reversed, and restitution of the money made by the sheriff's sale, awarded to Conrad Feger.