## Overton *against* Tozer.

One cannot bind his copartners by a sealed instrument unless it be executed in the presence of the others, and by their direction. But if a bond with a warrant to confess judgment be executed by one, and subsequently all the partners by their attorney revive that judgment, and their lands be sold upon it by the sheriff, the purchaser's title will be good.

Lands may be sold upon a *fieri facias* without inquisition, with the written consent of the defendant filed; and it matters not whether it be filed before or after the sale.

ERROR to the common pleas of *Bradford* county.

This was an amicable action entered in debt for the recovery of the amount of defendants' bid at a sheriff's sale of lands, and it was agreed that the court should give their opinion upon the following case stated, and that judgment be entered for the plaintiff or defendant as the court might direct, subject to a writ of error by either party the same as if judgment had been entered on the verdict of a jury.

Sometime in the year 1833, Thomas C. Smart, Jun., Joseph S. Fowler and Benjamin Marshall, Jun. associated themselves together as copartners for the purpose of manufacturing lumber, and agreed to carry on business under the firm of T. C. Smart, Jun. & Co.

On the 10th of June 1833, H. S. & J. W. Mercur conveyed to Benjamin Marshall, Jun. in fee, six hundred and sixteen acres of land in Sheshequin township, Bradford county; and on the 16th of September 1833, the said Benjamin Marshall, Jun. by deed, after reciting that the purchase money had been paid in equal shares by himself and T. C. Smart, Jun. and Joseph S. Fowler, declared and covenanted that he held the same in trust for himself and the said Smart and Fowler, in equal shares and proportions.

On the 2d day of *September* 1833, the said T. C. Smart, Jun., Joseph S. Fowler and Benjamin Marshall, Jun. purchased from Obadiah and Ralph Gore seven acres of land in Sheshequin township aforesaid, which was conveyed to them, their heirs and assigns.

On the 10th of October 1833, Benjamin Marshall, Jun. released his interest in the above described lands to T. C. Smart, Jun. and Joseph S. Fowler, who covenanted to pay all the debts of T. C. Smart, Jun. & Co.

On the *9th of September* 1835, V. E. Piollet sold and conveyed to T. C. Smart, Jun. and Joseph S. Fowler and Benjamin Marshall, Jun., their heirs and assigns, three hundred and ninety acres of land in Sheshequin aforesaid.

[Overton v. Tozer.]

On the 9th day of March 1835, Avery Gore indorsed a note to the Towanda Bank, drawn by T. C. Smart, Jun. & Co. for the sum of 2500 dollars; and to indemnify him against any loss by reason of such indorsement, a bond was drawn in the name of T. C. Smart, Jun. & Co. to him, *with a confession of judgment*, and waiver of inquisition on real estate. This *bond was signed, T. C. Smart, Jun. & Co., and was under seal.* The execution was by Benjamin Marshall, Jun. *with the consent and under the direction of his copartners.* This bond was filed with the prothonotary of Bradford county, and judgment entered thereon, *No.* 131, *May T.* 1835. On the 16th of February 1837, a judgment was entered on a *præcipe* of which the following is a copy:

"Henry Gore *v.* T. C. Smart, Jun., Joseph S. Fowler and Benjamin Marshall, Jun. doing business in the name of T. C. Smart, Jun. & Co.

"Amicable *scire facias* to revive judgment and continue lien; Bradford county common pleas; original judgment No. 131, May term 1835.

"It is agreed that the above judgment be revived for the sum of 2564 dollars 70 cents, to be entered as if upon a writ of *scire facias* duly issued and served under the act of assembly, with power to issue execution forthwith and collect the same.

"JOHN N. CONYNGHAM, *Attorney for plaintiff.*
"OVERTON & ADAMS, *Attorneys for defendants.*"

On the judgment a *fieri facias* was issued, and the land described in all the before mentioned conveyances was levied on by the sheriff. Benjamin Marshall, Jun., for himself and as attorney in fact for T. C. Smart and Joseph S. Fowler (under a full power of attorney dated the 6th of March 1837), signed an instrument in writing, dated the 6th of April 1837, waiving the right of inquisition, and consenting to a sale of the same on the *fieri facias.*

This paper was delivered by him to the sheriff, who went on and advertised the lands for sale, and returned the same with the writ of *fieri facias.* The lands included in the deed of the 2d of September 1833 were sold by the sheriff, on the 11th of May 1837, to Edward Overton, the defendant, for the sum of 395 dollars; as also those included in the deed of the 9th of September 1835, for the sum of 720 dollars. The lands included in the deed of 10th of June 1833 were sold to Daniel Cash and John L. Webb for the sum of 4,900 dollars. The purchasers were the highest and best bidders for the same.

A deed for the lands purchased by the defendant has been regularly acknowledged and tendered to the defendant, who refused to pay the purchase money and accept the same, alleging that he was not bound so to do, as the deed would convey no title.

If the court are of opinion that, under the facts of this case, the plaintiff is entitled to recover, then judgment is to be entered for the plaintiff for the sum of 1115 dollars with costs, and if they should be of a contrary opinion, then judgment to be entered for the defendant.

[Overton v. Tozer.]

The court below (Herrick, President) rendered a judgment for the plaintiff.

*Overton*, for plaintiff in error.
*Williston*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The objections to the validity of the judgment and sheriff's sale in this case seem to be without foundation. The original judgment was entered on a bond and warrant of attorney sealed and delivered by one of three partners in the name of the firm, with the consent and by the directions of the other partners. By the implied authority resulting to each partner in trade from the partnership, one cannot execute a sealed instrument which will be obligatory on the others, unless it be sealed by the one in the presence of the others, and by their directions. Hart *v.* Withers, 1 *Penns. Rep.* 285; Fichthorn *v.* Boyer, 5 *Watts* 159. But the revival of this judgment was clearly by all the partners; being by the agreement of their attorneys: and if the original judgment were defective, yet the judgment of revival is in force unreversed, and would authorize a sale and conveyance of the title to a purchaser from the sheriff, which would remain good, though the judgment itself should be afterwards set aside or reversed. Hayes *v.* Shannon, 5 *Watts* 548; Feger *v.* Kroh, 6 *Watts* 294.

The act of assembly of the 16th of June 1836, section forty-five, expressly authorizes the sheriff to sell lands on a *fieri facias* without proceeding to inquisition and condemnation where the party, by writing filed in the proper court, dispenses with and waives an inquisition: and in the present instance the case states that the defendants signed an instrument in writing previous to the advertisement and sale, waiving the right of inquisition, and consenting to a sale of the land on the *fieri facias.* The difficulty suggested is, that this paper was not filed in the office previous to the advertisement and sale, but was handed to the sheriff, who returned it to the proper office with the *fieri facias.* The act prescribes no time when the authority shall be filed; and the object seems to be attained if the sheriff is put in possession of the written authority before he proceeds on the *fieri facias,* and it is returned with his proceedings to the proper office, there to remain as evidence of the regularity of his acts.

Judgment affirmed.