# Duff *versus* Wynkoop *et al.*

1. A judgment was entered in one county, transferred to another, and to a third by transcript from the *second.* Land was sold under a judgment obtained in the last county on scire facias. The first judgment in the last county was held to be void and that with the judgment on the scire facias struck off. *Held*, the title of the purchaser at sheriff's sale was not affected.

2. A judgment on a scire facias on a judgment is *quod recuperet;* not a mere award of execution.

3. A defendant whose land was sold under an execution and who has received part of the proceeds of the sale is estopped from denying the validity of the sale, although under a void judgment.

4. The acknowledgment of a deed in open court by a county treasurer, is an official act and ratifies his signature although made by another.

5. Parol testimony is inadmissible to contradict the record of a treasurer's deed or to impair its validity.

6. Dorrance *v.* Scott, 3 Wharton 309, remarked on and distinguished.

[Duff v. Wynkoop.]

October 20th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Forest county:* No. 108, of October and November Term 1873.

This was an action of ejectment, brought May 17th 1866, by Samuel Duff against L. C. Wynkoop, James W. Guthrie, Milton Wynkoop and W. S. Wynkoop, for six hundred acres of land, known as the "Nelson Strong" tract. John Heath was afterwards admitted as a co-defendant.

The case was tried September 27th 1870, before Campbell, P. J.

The plaintiff gave in evidence a judgment, Thomas Mellon, for the use of Samuel Duff, against James W. Guthrie and Jacob McFadden, entered in the Court of Common Pleas of Forest county, to December Term 1861; debt, $3953.42. Scire facias to same term returned "nihil;" alias scire facias to February Term 1862 returned "nihil." Judgment May 26th 1862, liquidated at $5248.16. Fi. fa. to September Term 1862; levy on two tracts of real estate—one of four hundred acres, in Millstone township, in the name of Nelson Strong. Vend. ex. to December Term 1862; "stayed." Alias vend. ex. to February Term 1863; "stayed." Pluries vend. ex. to May Term 1863; sold to Samuel Duff for $375. Deed, William Fox, sheriff, to Samuel Duff, for four hundred acres, being the Strong tract, dated May 26th 1863, and acknowledged in open court on the same day.

The Mellon judgment had been originally entered in Clarion county and certified to Jefferson county; Forest county was separated from Jefferson for judicial purposes in September 1857, and the judgment was entered in Forest county by a transcript from Jefferson county. After the above-stated proceedings under it, the Court of Common Pleas of Forest county struck off both the judgment on the scire facias and the original entry in that county on the Jefferson county transcript. On error the Supreme Court affirmed the order of the court below (1 P. F. Smith 116).

The plaintiff gave evidence of sale for taxes of tract of six hundred and fifty acres, in Millstone township, in the name of Nelson Strong, to Elizabeth Wynkoop. Deed to her from the treasurer of Forest county, dated October 27th 1862; acknowledged December 23d 1862; assignment, August 13th 1864, endorsed on treasurer's deed, Elizabeth Wynkoop to Samuel Duff; acknowledged the same day. He also gave in evidence affidavits of J. W. Guthrie to open the Mellon judgment, to show that he claimed a portion of the proceeds of the sheriff's sale.

The plaintiff rested.

The defendants gave in evidence deed of Charles J. Fox, county treasurer, dated December 28th 1850, to Paul Darling, for the land in dispute; assignment, Paul Darling to John Heath, December 26th 1860; endorsed on deed. Deed, October 1st 1865,

[Duff *v.* Wynkoop.]

John Heath to L. C. Wynkoop. Deed, September 25th 1866, John W. Miller, treasurer, to R. G. Wright, for same land, sold for taxes of 1864, 1865; acknowledged in open court the same day; assignment, dated October 15th 1868, R. G. Wright to W. S. Winkoop; acknowledged same day. They gave in evidence treasurer's deed-book, showing erasures in the record of the sale to E. Wynkoop; it was marked "Sold by mistake," and a pen drawn over "E. Wynkoop.' Also in unseated land-book: "June 10th 1862, $650, Wynkoop E.; paid by L. C. Wynkoop, for 1860 and 1861." Also in treasurer's deed-book, kept by prothonotary at the record of deed to E. Wynkoop was: "This deed not acknowledged—error."

Defendants gave evidence that Jonathan Hays was the treasurer of the county when the deed to Elizabeth Wynkoop was made, and that the signature "Jonathan Hays" was not in his handwriting, but in that of his deputy. There was much evidence given as to irregularities and errors in the entries of the records of the tax-sales; also evidence for the purpose of showing fraud by both parties in relation to their respective titles to the land. What has been given, with the instructions of the court below, will sufficiently present the questions decided by the Supreme Court.

The following are points of the plaintiff, with their answers:—

1. If the jury believe that J. W. Guthrie claimed and obtained a credit on the Mellon judgment, for the proceeds of the sheriff's sale of the tract in dispute to Samuel Duff, all the title that Guthrie had in the premises passed by the sheriff's sale to Duff, and so far as Guthrie is concerned the plaintiff would be entitled to recover.

Answer: "We answer the plaintiff's first point that if J. W. Guthrie, by his own act, claimed and received the proceeds of the sheriff's sale, or any part of it, or even with his own consent received a credit on a judgment against him, the law would be as stated in this point. But if the sale was made, the money paid in and distributed by the sheriff, without any agency or assent of Guthrie, he would not be estopped from controverting the title in the sheriff's vendee; and if he was the plaintiff in the judgment on which the sale was made, in that event we instruct you that the sale would be void."

8. The jury should disregard all parol evidence tending to show that the treasurer's deed to Elizabeth Wynkoop was not executed and acknowledged by Jonathan Hays, treasurer; as it is not competent thus to contradict the certificate of acknowledgment upon the face of the deed, under the seal of court, as said certificate is not itself impeached.

Answer: "We refuse to answer this point as requested."

The defendants' second point and its answer were:—

As against the title derived by Heath and L. C. Wynkoop

[Duff v. Wynkoop.]

from Paul Darling (the treasurer's vendee of 1858), the plaintiff has shown no title outside of the treasurer's title to Elizabeth Wynkoop; and if the jury believe from the evidence either that Jonathan Hays, the treasurer, did not execute that treasurer's deed, or that it was not properly acknowledged, or that the land was not sold at public sale, as required by the Act of Assembly, or that the transfer from Elizabeth Wynkoop was not a sale, but a redemption, or procured by Duff by fraudulent representations—in either case they must find for the defendants.

Answer : [" We answer this point that if Jonathan Hays, the treasurer, did not make the deed to Elizabeth Wynkoop, if it was signed by some one else writing his name to it, his acknowledgment of it in the Court of Common Pleas would not make it valid;] that if the sale was not made at a public sale, as provided by Act of Assembly—if the deed was made out to Elizabeth Wynkoop without a public sale, or if it was sold after the taxes were paid and a receipt for them on the treasurer's land-book—the treasurer's sale would be void and would vest no title in the purchaser. If Duff procured this deed fraudulently, or used it for a purpose in fraud of his agreement with Wynkoop, it would be invalid to enable him to hold the land in fraud of his agreement.　This evidence is for you, and as the alleged contract is somewhat remarkable, you will examine it carefully.　Thus far we answer this point in the affirmative."

The verdict was for the defendants.

The plaintiff took a writ of error, and assigned for error—

1. The answer to his first point.

5. The answer to his eighth point.

6. The answer to that part of defendants' second point in brackets.

*L. B. Duff* and *B. J. Reid*, for plaintiff in error.—Judgment on a scire facias on a void judgment is not void : Buehler v. Buffington, 7 Wright 279 ; Hays v. Shannon, 5 Watts 549 ; Feger v. Kroh, 6 Id. 294.　A purchaser at a sale on a judgment regular on its face is protected by Act of 1705, sect. 1, 1 Smith's L. 32, 1 Bright. Purd. 651, pl. 84 : Caldwell v. Walters, 6 Harris 85 ; Irwin v. Nixon, 1 Jones 419 ; Warder v. Tainter, 4 Watts 270. Where the defendant ratifies the sale by claiming credit for the fruits of it, he is estopped to deny its validity : Stroble v. Smith, 8 Watts 280 ; Wilson v. Bigger, 7 W. & S. 111 ; Benedict v. Montgomery, Id. 238 ; Smith v. Warden, 7 Harris 430 ; Warden v. Eichbaum, 3 Grant 42.　The statutory authority for acknowledging treasurers' is the same as for sheriffs' deeds : Acts of June 16th 1836, sect. 94, Pamph. L. 778, 1 Bright. Purd. 658, pl. 119 ; March 13th 1815, sect. 1, 6 Smith's L. 299 ; April 3d 1804, sect. 2, 4 Id. 201 ; April 4th 1809, sect. 1, 5 Id. 73, 2

[Duff *v.* Wynkoop.]

Bright. Purd. 1444, 1445, 1446, pl. 14, 18, 19. The acknowledgment of a sheriff's deed is a judicial act: Bellas *v.* McCarty, 10 Watts 23; McMicken *v.* Commonwealth, 8 P. F. Smith 214.

*Gordon* (with whom were *G. A. Jenks* and *A. L. Gordon*), for defendants in error.—A sale on a void judgment is void: Dorrance *v.* Scott, 3 Whart. 309; Hoffman *v.* Strohecker, 7 Watts 86; Fetterman *v.* Murphy, 4 Id. 424; Camp *v.* Wood, 10 Id. 118; Caldwell *v.* Walters, 6 Harris 82. A treasurer's deed is not the act of the court as a sheriff's deed: Hoffman *v.* Bell, 11 P. F. Smith 450.

The opinion of the court was delivered, January 5th 1874, by

MERCUR, J.—The plaintiff claimed title to the land in question, first under a treasurer's sale and deed in 1862, and secondly under a sheriff's sale made upon a judgment in 1863.

The fifth and sixth assignments of error relate to the execution and acknowledgment of the treasurer's deed. The deed purported to have been signed by the treasurer. It was duly acknowledged by him in the Court of Common Pleas of the proper county, and so certified on the face of the deed by the prothonotary, under the seal of the court. The defendants gave evidence that the signature to the deed purporting to be that of the treasurer was not his handwriting, but was that of his son and deputy. The court, in answer to a point submitted, said, "We answer that if Jonathan Hays, the treasurer, did not make the deed to Elizabeth Wynkoop, if it was signed by some one else writing his name to it, his acknowledgment of it in the Court of Common Pleas would not make it valid."

In so answering, we think the learned judge erred. It is not claimed that any fraud or deceit was practised upon the treasurer by his deputy. No evidence was given that the deputy signed the treasurer's name to the deed without authority. By the appearance of the treasurer in open court and acknowledging the instrument to be his official act and deed, he ratified and confirmed the signature thereto which purported to be his own.

The Act of April 3d 1804 authorized the sheriff of the proper county to make sale of unseated lands for the non-payment of taxes, "and to make and execute a deed or deeds in fee simple, to the purchaser or purchasers of any unseated lands so sold, and the same in open Court of Common Pleas of the proper county, duly to acknowledge."

The Act of April 4th 1809, transferred to the county treasurers respectively, all the powers vested in sheriffs and duties enjoined on them under the former act. Thereupon and thenceforth it became the duty of the treasurer to acknowledge in open court, in like manner as the sheriff had previously done, all deeds for lands which he might sell. The acknowledgment of a sheriff's deed is

[Duff v. Wynkoop.]

a judicial act, conducted with all the solemnities of a court of record. It is an official proceeding of a court of record acting judicially in relation to the matter before it: Hoffman v. Coster, 2 Whart. 453; Bellas v. McCarty, 10 Watts 13. As parol testimony is inadmissible to contradict the record of an acknowledgment of a deed made by the sheriff, so we think it should not be permitted to impair the record of an acknowledgment made by a treasurer. The fifth and sixth assignments are therefore sustained.

The first assignment of error appears to be predicated on the assumption that the judgment had not sufficient validity to support the sale. The original entry of the judgment in Forest county was by filing an exemplification of an exemplification. A sci. fa. issued upon this judgment: it was revived by default. Execution issued on the revived judgment by virtue of which the land in controversy was sold. After the sale the revived judgment, as well as the original judgment in Forest county, were stricken from the record: Mellon v. Guthrie, 1 P. F. Smith 116.

The Act of 1705 provides, "if any of the said judgments which do or shall warrant the awarding of the said writs of execution, whereupon any lands, tenements or hereditaments have been or shall be sold, shall at any time hereafter be reversed for any error or errors, then, and in every such case, none of the said lands, tenements or hereditaments so as aforesaid taken or sold, or to be taken or sold upon executions, nor any part thereof, shall be restored, nor the sheriff's sale or delivery thereof avoided; but restitution in such case only of the money or price for which said lands were or shall be sold: 1 Purd. Dig. 651, pl. 84.

A sale of land upon a judgment recovered upon a mortgage was held to confer a good title upon the purchaser, although the defendant was dead when the first writ of sci. fa. issued, and the sheriff returned that there were no terre-tenants: Warder v. Tainter, 4 Watts 270. This Act of 1705 applies to cases of judgments reversed for errors of fact as well as errors of law: Id. It extends to cases where the judgment and all subsequent proceedings were set aside after the sale: Hays v. Shannon, 5 Watts 548. So where the original judgment was void, but it had been revived by the issuing of two writs of sci. fa. post annum et diem, each of which was returned nihil, and a sale of land made thereon, it was held to pass a good title to the purchaser: Feger v. Kroh, 6 Watts 294. A judgment regularly revived by sci. fa. is not void, even if the original judgment was void. A sci. fa. is a substitute here for an action of debt elsewhere; the judgment on it is quod recuperet instead of a bare award of execution, it therefore warrants the awarding of the execution: Hays v. Shannon, supra. The last judgment cannot be considered invalid, although it was entered on a sci. fa. issued on a previous judgment that was void:

24 P. F. Smith—20

[Duff *v.* Wynkoop.]

Buehler's Heirs *v.* Buffington *et al.*, 7 Wright 278. The new judgment being regular upon its face and voidable only, has a sufficient vitality to support the sale.

The case of Dorrance *v.* Scott, 3 Whart. 309, is not in entire accord with the other cases cited, yet it is distinguishable in two particulars. The original judgment was entered upon a bond executed by a married woman and therefore absolutely void; and the revived judgment was upon a sci. fa. *quare executionem.* I may further add, that it was not an action to recover the land from the purchaser at sheriff's sale, but was one of lien and the distribution of the proceeds of the sale. The protective Act of 1705 does not appear to have been referred to by either the counsel or the court.

The answer covered by the first assignment is somewhat obscure. The record showed the equitable plaintiff in the judgment to have been the purchaser at the sheriff's sale. That fact was unquestioned. The court should therefore have answered in more specific terms that, if Guthrie claimed and received the proceeds of the sheriff's sale, or any part thereof, he was estopped from controverting the validity of the sale, although the plaintiff in the judgment was also the purchaser.

This rule applies whether the sale was void or only voidable: Smith *v.* Warden, 7 Harris 424.

The other assignments are not sustained.

Judgment reversed, and a *venire facias de novo* awarded.