## Mayer Furniture Company v. Putt et ux.

*Practice, C. P.—Judgments—Rule to strike off.*

1. A rule to strike off is the proper method to attack a judgment entered upon a transcript of the record of a justice of the peace where the record does not show the cause of action, does not show that any proofs and allegations were heard, or that witnesses were sworn, and does not show that judgment was publicly rendered.

*Judgments — Void judgments — Revival — Scire facias — Judgment by default—Effect upon original judgment.*

2. Judgment taken by default upon a *scire facias* regularly issued and duly served is a valid judgment, even though the original judgment, upon which the *scire facias* was issued, may have been void.

3. An invalid transcript or nugatory judgment may be confirmed and ratified by the parties and it becomes valid.

4. Defendants who, having been served with summons in *scire facias*, enter no appearance and file no affidavit of defence thereto, thereby confirm and ratify the entry of judgment against themselves.

Rule to strike off judgment. C. P. Dauphin Co., June T., 1922, No. 603.

*W. H. Neely,* for rule.

*Mark E. Garber* (with him *Eugene G. Cohen*), contra.

Fox, J., Jan. 31, 1923.—In this case the defendants presented a petition, praying for a rule upon the plaintiff to show cause why the execution issued should not be stayed and the judgment stricken off. The petition averred,

3 D. & C.

in substance, that the transcript filed in the original judgment to No. 109, January Term, 1906, discloses that the original judgment was void for these reasons, viz.: That it did not show the cause of action; that any proofs and allegations were heard; that witnesses were sworn to support the claim, and that judgment was publicly rendered. Whereupon a rule was granted in accordance with the prayer, to which rule an answer was filed by the plaintiff, stating in substance that nothing had been done on this original judgment from the time of its entry in 1905 to Aug. 1, 1922, when a writ of *scire facias* to revive was issued and duly served upon the defendants, who neither entered an appearance nor filed an affidavit of defence, and in default of which, on Sept. 13, 1922, upon suggestion of plaintiff, judgment of revival in the amount of $86.88 and costs was entered by the prothonotary in favor of the plaintiff and against the defendant to No. 603, June Term, 1922, and an execution issued. The matter was argued before us, and in an opinion filed by this court on Nov. 29, 1922, the rule was discharged and stay removed. Whereupon counsel for defendants moved for a rehearing and reargument of the case, which was allowed, and further proceedings upon the judgment were stayed and a reargument was had.

In the opinion rendered we discharged the rule, basing our opinion principally upon the case of Inquirer Printing Co. *v.* Wehrly, 157 Pa. 415.

We are not sure to which judgment petitioner refers, but we think to the one taken on the *scire facias.*

The zeal of the counsel for the defendants so commended itself to us that we reopened the case for further consideration, after which, however, we are brought to no different conclusion.

In the case of Hamborsky *v.* Magyar Presbyterian Church, 78 Pa. Superior Ct. 519, the rule of this and other jurisdictions is laid down as follows: "A rule to strike off a judgment is a common law proceeding; the procedure to open is equitable. The function of each is clearly stated in many decisions, although the two are not only frequently confused in practice, but occasionally one is permitted to perform the function of the other. This usually occurs because no point is made of the matter, both parties apparently preferring decision of essentials on the record as presented (compare Stevenson *v.* Virtue, 13 Pa. Superior Ct. 103, 108, with Spiese *v.* Shee, 250 Pa. 399). Where, however, as the present appeals indicate, parties insist upon disposition of the motion to strike off in strict accordance with its prayer, we must so consider it and inspect the record to ascertain whether any irregularity or insufficiency appears thereon." See Breden *v.* Gilliland, 67 Pa. 34, and Spiese *v.* Shee, 250 Pa. 399.

In Black on Judgments (2nd ed.), pars. 498 and 499, it is said: "According to the practice obtaining in a majority of the states, and founded on the view that this species of proceeding is not a new suit, but a continuation of the original action, it is error for the court to proceed to render a new judgment on a *scire facias* to revive; the proper entry is that the plaintiff have execution of the judgment mentioned in the writ and his costs. It is, however, held in some jurisdictions that the judgment on *scire facias* must recite the original judgment with such particularity as to identify it, and that any substantial variance will break the continuity of the lien. And in some states the judgment on this writ should declare the amount presently due by liquidating the amount of principal and accrued interest on the original judgment, and if the new judgment is to bear interest, it should specify the date from which such interest is to begin. . . . In the State of Pennsylvania the practice is different from that described in the preceding section: 'A judgment

regularly revived by *scire facias,*' says the Supreme Court of that State, 'is not void, even if the original judgment was void. A *scire facias* here is a substitute for an action of debt elsewhere; the judgment on it is *quod recuperet* instead of a bare award of execution; it, therefore, warrants the awarding of the execution. The last judgment cannot be considered invalid, although it was entered on a *scire facias* issued on a previous judgment that was void. The new judgment, being regular on its face and voidable only, has a sufficient vitality to support the sale.' "

Upon inspection of the transcript of the original judgment, it is disclosed that the judgment was fatally insufficient and defective for the reasons set forth in the petition for the rule, and if the motion to strike off had been made before the judgment of revival had been taken, the judgment would necessarily have been stricken off. But we now have the other and further question, does the issuing of the *scire facias* and the taking of judgment of revival thereon in default of the defendants' entering an appearance or filing an affidavit of defence prevent our striking off the judgment obtained on the *scire facias?*

Upon this subject in our jurisdiction there are two lines of cases: The one that a judgment obtained upon a *scire facias* on a void judgment is itself void; the other line holding the contrary.

In support of the first, we have the decision of Dorrance v. Scott, 3 Wharton, 309, where it is said: "This also determines the want of efficiency in the judgment rendered against her upon the writ of *scire facias* sued out on the first judgment, because the judgment in the *scire facias* being dependent upon the first as its foundation must also be considered void as against the wife for want of a valid judgment to support it." In the case of Feger v. Kroh, 6 Watts, 294, it is said: "The judgment then rendered by the justice was totally void, and, in the opinion of the majority of the court, the proceedings on it are illegal and erroneous and must be reversed." In the case of Mellon v. Guthrie et al., 51 Pa. 116, it is said: "The entry of the transcript in Forest County was then entirely unauthorized, and there was no error in directing it to be stricken from the record. Whether the judgment obtained in the *scire facias* was also void is not so clear. In Dorrance v. Scott, 3 Wharton, 309, it was held that a judgment obtained in a *scire facias* upon a void judgment is itself void, as Judge Kennedy said, for want of a valid judgment to support it. For this he cited several authorities. . . . Whether these authorities sustain the doctrine laid down may be doubted. But they do hold that relief from such a derivative judgment may be obtained by the writ of *audita querela.* We accomplish the same thing by motion, and better, when all the facts appear of record. It was competent, therefore, for the court below to open the judgment in the *scire facias* and strike off the exemplification, thus accomplishing all that was done." In the case of Pantall v. Dickey, 123 Pa. 431, much relied upon by counsel for defendants, the court said: "Of course, the judgment could have been and would have been reversed upon *certiorari.* But the judgment being void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time, the objection on that ground is brought to the attention of a supervising court. Being void, it has no efficacy at any time. The defendant can afford to disregard it until an effort is made to enforce it." In this case, however, the judgment was not a judgment upon a *scire facias* to revive, but was the judgment rendered by the justice, and, therefore, may not be strictly applicable to this case.

In support of the contrary position, we have the decisions in Hays v. Shannon, 5 Watts, 548, where it is said: "I recollect no circumstances in which

3 D. & C.

the judgment of a court of competent jurisdiction may be treated as a nullity, except those of fraud or collusion in the procurement of it; and then only by third persons, not by parties or privies directly affected by it. . . . Consequently, though the summary vacation of the judgment was, in effect, a reversal of it, yet, as there was a sufficient warrant for awarding what was in substance a valid execution, the purchaser under it is to be protected." In the case of Buehler's Heirs *v.* Buffington, 43 Pa. 279, it is said: "Nor can we regard the judgment as invalid, though it was entered on a *sci. fa. post annum et diem* on a previous judgment that was void. If we could find no previous record at all, still the new judgment would not be void on that account, though it might be reversible for irregularity in its own process. Having no valid judgment to rest on, it must be treated as a new judgment, and the parties having submitted to it, strangers cannot object." In the case of Duff *v.* Wyncoop, 74 Pa. 300, it is said: "A judgment regularly revived by *scire facias* is not void, even if the original judgment was void. A *scire facias* is a substitute here for an action of debt elsewhere; the judgment on it is *quod recuperet* instead of a bare award of execution; it, therefore, warrants the awarding of the execution: Hays *v.* Shannon, 5 Watts, 548. The last judgment cannot be considered invalid, although it was entered on a *scire facias* issued on a previous judgment that was void," citing Buehler's Heirs *v.* Buffington, 43 Pa. 279. In the case of Harper *v.* Biles, 115 Pa. 594, in which a judgment had been taken one day too early, and the defendant did not move until six years after an attachment execution had been served on him and until a judgment on a *scire facias* issued on the judgment had been taken, the lower court, in refusing to strike off the judgment, cites in support of its position authorities, and the Supreme Court in a *per curiam* said: "The reasons stated in the opinion of the learned judge clearly justify the court in refusing to strike off the judgment. Not only were the laches too great, under the undisputed facts, for the defendant below to successfully invoke the aid of the equitable power of the court, *but the judgment had also been regularly and duly revived:* Duff *v.* Wyncoop, 74 Pa. 300." In the case of Inquirer Printing Co. *v.* Wehrly, 157 Pa. 415, the facts are: That a summons in debt not exceeding $100 was, at the instance of the plaintiff, issued and served on the defendant, the defendant not appearing; the justice rendered a judgment by default for the plaintiffs on Aug. 23, 1876; execution was on that date issued and returned Sept. 12, 1876, "no goods found, so answers John H. Roy." On Nov. 19, 1891, the caption of the case was amended, and on Nov. 20, 1891, the transcript of the docket was given to the plaintiff, who had it entered in the Court of Common Pleas of York County; a *scire facias* was issued on Nov. 19, 1891, and judgment thereon obtained Nov. 26, 1891, and on page 416 the court said: "Now, while the judgment may have been in some respects defective—fatally defective—and might have been set aside, if proper diligence had been used, and an appeal taken or writ of *certiorari* issued within the time prescribed by law, the defendant has, by his great laches, deprived us of the power of setting it aside or striking it from the record. The rule must, therefore, be discharged and stay removed. Rule discharged and stay removed."

An invalid transcript or nugatory judgment may be confirmed and ratified by the parties and it becomes valid: Ramsey *v.* Linn's Exec'rs, 2 Rawle, 229; Long *v.* Lemoyne Borough, 222 Pa. 311. The defendants had their day in court, and it may be assumed that when served with the summons in the *scire facias* and entering no appearance and filing no affidavit of defence thereto, they confirmed and ratified the entry of the judgment.

We think the greater weight of authorities in our jurisdiction is that where judgment is taken in default on a *scire facias* to revive a judgment that is void or voidable, the court, upon motion, should not strike it off. There is nothing irregular on the face of the judgment taken on the *scire facias*. In the case of Breden *v.* Gilliland, 67 Pa. 34, Sharswood, J., said: "Opening a judgment and striking it off are two entirely different things. No court has power to strike off a judgment regular on its face." See, also, Johnson *v.* Royal Ins. Co., 218 Pa. 423, and Long *v.* Lemoyne Borough, 222 Pa. 311.

Wherefore, the stay is removed and the rule is discharged.

From William Jenkins Wilcox, Harrisburg, Pa.