## T. F. SHANNON v. JAMES NEWTON.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY.

Argued February 7, 1890—Decided February 17, 1890.

[To be reported.]

1. To a bona fide purchaser at sheriff's sale of lands subsequently in dis-
pute in ejectment, § 9, act of 1705, 1 Sm. L. 61, is a complete protection
against every defect or irregularity, except when the defect or irregu-
larity appears upon the face of the judgment on which the land was sold.
2. Wherefore, the purchaser's title cannot be affected by the fact that
some months after the judgment in scire facias under which the land
was sold, the plaintiff was adjudged a lunatic, and that the lunacy re-
lated back to a period anterior to the service of the scire facias.
3. A devisee is a mere volunteer, taking subject to the payment of his
testator's debts, and not a terre-tenant; a judgment, therefore, obtained
against a decedent in his lifetime remains a lien against him, his heirs
and devisees, without revival by scire facias issued within five years
after its entry.
4. And the law in this respect has not been changed by the act of June 1,
1887, P. L. 289, providing that no judgment shall continue a lien on
land longer than five years, unless revived "within that period by
agreement of the parties and terre-tenants filed in writing, . . . . . or
a writ of scire facias."

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No. 129 January Term 1890, Sup. Ct.; court below, No. 78
June Term 1888, C. P.

On April 23, 1888, Mary Dalfonza brought ejectment against

James Newton, to recover a certain house and lot on Swede street, Norristown. The plaintiff having been declared a lunatic by inquisition found on May 23, 1888, Thomas F. Shannon, her committee, was then substituted. Issue.

At the trial on June 10, 1889, the plaintiff showed title in Antonio Dalfonza, the husband of Mary Dalfonza, by deed to him from the executors of David Sower, dated October 3, 1866; will of Antonio Dalfonza, admitted to probate on February 20, 1879, devising all the real estate whereof the testator died seised, including the property in dispute, to his wife Mary Dalfonza. Showing the substituted plaintiff's appointment, the defendant's possession, and adducing evidence to sustain a recovery of mesne profits, the plaintiff rested.

The defendant offered in evidence a judgment in favor of J. M. Cowden against Antonio Dalfonza for $350, entered November 25, 1870, on a bond and warrant of attorney dated November 23, 1870, payable on or before April 1, 1871, with interest, being for purchase money, with an assignment of the judgment to the trustees of Wreath of Friendship Assembly No. 13, Ancient Order of Good Ladies, dated November 1, 1871, filed July 16, 1887; also, the will, of Antonio Dalfonza, dated February 6, 1879, admitted to probate February 20, 1879, appointing Mary Dalfonza, his wife, sole executrix, and the letters testamentary issued thereon; also the record of a scire facias upon said judgment in favor of the said assignees against said executrix, issued July 16, 1887, the sheriff's return of service thereof, judgment in default of appearance, and sum due liquidated at $370.53.

To these offers the plaintiff objected, in substance, that the judgment was entered in 1870, and the scire facias was not issued until 1887; that, since the passage of the act of June 1, 1887, P. L. 289, the plaintiff was entitled to notice of the assignment dated November 1, 1871; that said scire facias was issued against a party who had been found to be a lunatic at the time; that no agreement in writing for the revival of said judgment had been signed by the terre-tenant, as required by the said act of 1887; that said scire facias had been issued and served upon Mary Dalfonza, as executrix, and not as devisee.

By the court: Objections overruled, offers admitted; exceptions.[1] [2]

Defendant then offered the records of the execution process upon the revived judgment mentioned in the foregoing offers, the return thereto, with the inquisition upon which the real estate was condemned, the approval thereof, the writ of venditioni exponas following, the sheriff's sale of the property in dispute, and sheriff's deed dated and acknowledged March 24, 1888.

Objected to for the reasons given as to the foregoing offers.

By the court: Objections overruled, offers admitted; excep‑tions.[3]

The defendant then rested.

In rebuttal, the plaintiff offered in evidence the record of the proceedings in lunacy, for the purpose of showing that at the time the scire facias upon the judgment was issued, and as found by the inquisition, for three or four years prior to May 23, 1888, Mary Dalfonza, the defendant in the scire facias upon the judgment, was a lunatic, without lucid intervals, and not capable of attending to her affairs. Objected to.

By the court: Objection sustained, offer refused; excep‑tion.[4]

The plaintiff then offered in evidence the deed of J. M. Cowden to Mary Dalfonza, for premises on Lafayette street, in Norristown, for the purpose of showing, as a fact for the jury to determine, that the judgment obligation given on November 25, 1870, was a judgment for the purchase money of that property, " and was therefore not upon the property upon Swede street which is described in this writ." Objected to.

By the court: Objection sustained, offer refused; exception.[5]

The plaintiff then closed, whereupon the court, WEAND, J., instructed the jury to find for the defendant.[6]

The jury returned a verdict for the defendant, as directed.

A rule for a new trial having been taken and argued, the court, WEAND, J., filed an opinion, which after stating the facts proceeded:

The plaintiff's contention is, that no valid title passed to the defendant under the sheriff's sale, because the judgment on the revival was void by reason of lapse of time, and because it was found against an insane executrix ; also, because there was no authority to enter judgment by default for want of an

appearance, against her as executrix, and that there was no judgment against her as terre-tenant.

It has repeatedly been held that the lien of a judgment against a decedent is without limitation against heirs and devisees: Fetterman v. Murphy, 4 W. 424; McCahan v. Elliott, 103 Pa. 634; Aurand's App., 34 Pa. 151. A judgment of record at the defendant's death, although not then a lien on his land, is not a debt whose lien is limited to five years from the decedent's death, unless suit be brought according to § 24, act of February 24, 1834, P. L. 77 : Baxter v. Allen, 77 Pa. 468. An heir or devisee is but a volunteer and takes only the surplusage of his ancestor's estate. He is not a terre-tenant: Horner v. Hasbrouck, 41 Pa. 169.

If, then, the judgment was a lien at decedent's death, was the revival proper? The writ, it is true, only issued against the executrix, but, as she was also sole devisee, she was bound by the judgment obtained on the scire facias, if in other respects valid: Stewart v. Montgomery, 23 Pa. 410. The authorities show that the proper practice on a judgment obtained against a defendant in his lifetime, is to issue the scire facias against his representatives, and that it is unnecessary to bring in the widow, heirs or devisees under § 34, act February 24, 1834, P. L. 80, and, after a revival, to issue the execution upon the original judgment, and not upon the judgment on the scire facias; yet, when the issuance is upon the latter, it is upon an irregularity which cannot affect the title of a purchaser at sheriff's sale: Grover v. Boon, 124 Pa. 399. From these decisions it follows that the judgment, revival and sale were all legal, proper and orderly, and vested a good title in the purchaser unless there are other matters to affect him in his purchase.

Plaintiff contends that under the act of June 1, 1887, P. L. 289, this judgment was not properly revived. The act, however, speaks of defendants and terre-tenants, and in nowise affects this case, for as we have already shown Mrs. Dalfonza was not a terre-tenant, and therefore not within the provisions of the act.

It is also claimed that the finding of the commission that Mrs. Dalfonza was a lunatic, renders the judgment of revival void. But how can this affect the title of an innocent pur-

chaser? At the time of the sheriff's sale, February 23, 1888, and of the confirmation and acknowledgment of the sheriff's deed, March 24, 1888, there was nothing upon record to give him notice of any irregularity or defect in the proceedings, for the petition in lunacy was only filed May 8, 1888. The record, therefore, showed a good and valid judgment upon which to issue an execution, and the purchaser is therefore protected under the act of 1705, 1 Sm. L. 61. This protection is absolute against every defect or irregularity which would avoid the judgment, process or sale, or reverse it, except where the judgment is absolutely void on its face: Duff v. Wynkoop, 74 Pa. 305; Feger v. Keefer, 6 W. 297; Hays v. Shannon, 5 W. 548.

We see no error in our record and must therefore sustain the judgment. And now, September 16, 1889, the motion in arrest of judgment and the reasons for a new trial are overruled.

Judgment having been entered on the verdict, the plaintiff took this appeal, assigning for error:

1–3. The admission of the defendant's offers.[1 to 3]

4, 5. The refusal of the plaintiff's offers.[4 5]

6. The instruction to find for the defendant.[6]

*Mr. G. R. Fox, Jr.* (with him *Mr. G. R. Fox*), for the appellant:

1. The act of June 1, 1887, P. L. 289, was in force a month and a half before the scire facias upon the judgment entered November 25, 1870, was issued. It provides that no judgment shall continue a lien longer than five years from the day of entry, unless by agreement of the parties and terre-tenants filed, or scire facias to revive. The act was passed to remove from our jurisprudence the only indefinite lien remaining, and to make the legislation as to liens upon lands consistent and uniform. This judgment was entered nearly seventeen years before there was any proceeding upon it, and its lien upon the land had expired more than three years before the defendant's death. The judgment on the scire facias being void, § 9, act of 1705, 1 Sm. L. 61, can have no application. The rule of caveat emptor applies in all its force at a sheriff's sale, as at other judicial sales: 1 T. & H. Pr., § 1353, and cases cited.

Arguments.

2. The act of 1887 provides further that "no proceeding shall be available to continue the lien of said judgment against a terre-tenant, whose deed for the land bound by said judgment has been recorded, except by agreement, in writing, signed by said terre-tenant, and entered in the proper lien docket, or the terre-tenant or terre-tenants be named as such in the original scire facias." Surely this lunatic widow was a terre-tenant, for she is a "person claiming to be owner by title derived from the defendant:" Chahoon v. Hollenback, 16 S. & R. 432. The will is her deed, and it was duly registered and recorded. She was not named in the scire facias except as executrix. The decisions that this was sufficient under the old law, are superseded by the new.

3. This lunatic, now an inmate of the state asylum, is a ward of the court. In Rogers v. Walker, 6 Pa. 373, it was decided that the committee of a lunatic might recover back land conveyed by her whilst insane, without restoring the purchase money or compensating the defendant for improvements. To the same effect are many other cases. In Warden v. Eichbaum, 14 Pa. 121, ejectment by the committee of a lunatic, it was held that though the committee had received the lunatic's share of the proceeds of the land, had executed a release as such committee, and had seen valuable improvements made by the purchaser, the judgement was void and the lunatic's title unaffected. "A sale under it passes no title. The law that a judgment is not to be inquired into does not apply in such a case. A void judgment requires no reversal to make it a nullity:" Caldwell v. Walters, 18 Pa. 79.

*Mr. William F. Solly* (with him *Mr. Henry Freedley*), for the appellee:

1. The act of 1705, § 9, 1 Sm. L. 61, was passed to protect the titles of purchasers at execution sales of land, and has been held a complete protection against every defect or irregularity, save when the judgment was absolutely void on its face: Samms v. Alexander, 3 Y. 268; Speer v. Sample, 4 W. 376; Warder v. Tainter, 4 W. 270; Hays v. Shannon, 5 W. 549; Feger v. Kroh, 6 W. 294; Feger v. Keefer, 6 W. 298; Springer v. Brown, 9 Pa. 306; Caldwell v. Walters, 18 Pa. 84; Evans v. Meylert, 19 Pa. 409; Duff v. Wynkoop, 74 Pa. 305. The

Opinion of the Court.

appellant argues that the judgment on the scire facias was void under the act of June 1, 1887, P. L. 289, because Mrs. Dalfonza was not named in it; but he overlooks the fact that she was named in it, being the executrix against whom it issued.

2. As a writ and judgment against an executrix, who is herself sole devisee, has been held sufficient to bind her as devisee, without a scire facias designating her as such: Stewart v. Montgomery, 23 Pa. 412, under the act of 1834, it must certainly be sufficient under the act of 1887. But the construction claimed by the appellant fills neither the letter nor the spirit of the act of 1887. Its intent is as plain as the reading of the words, to wit: to protect terre-tenants, holding under recorded deeds, from revival of judgments against their vendors, by the issuing of a scire facias against the vendor and an alias scire facias against the terre-tenant nine years after the entry of the orignal judgment and the conveyance of the property, as was the case of Porter v. Hitchcock, 98 Pa. 625.

3. A judgment against a decedent in his lifetime, remains a lien against him, his heirs and devisees, without revival: Fetterman v. Murphy, 4 W. 424; Brobst v. Bright, 8 W. 124; Wells v. Baird, 3 Pa. 351; Konigmaker v. Brown, 14 Pa. 269; Aurand's App., 34 Pa. 151; Baxter v. Allen, 77 Pa. 468; Brown's App., 91 Pa. 485; McCahan v. Elliott, 103 Pa. 634; Williamson's App., 1 Mona. 241. A scire facias upon such judgment against the personal representative of the decedent, judgment and execution, is the proper practice and vests a good title in the purchaser: Wallace v. Holmes, 40 Pa. 427; Grover v. Boon, 124 Pa. 399. Moreover, an heir or devisee is but a volunteer, and takes but the surplusage of his ancestor's or testator's estate, after the debts are paid. He is not a terre-tenant: Horner v. Hasbrouck, 41 Pa. 169.

PER CURIAM:

The defendant, appellee, being a bona fide purchaser at sheriff's sale of the premises involved in this controversy, is protected by the act of 1705, provided the judgment under which the property was sold warranted the execution. This act was passed to protect the titles of purchasers, and has been repeatedly held a complete protection against every defect or irregularity, excepting when the judgment was void upon its face:

Springer v. Brown, 9 Pa. 305; Caldwell v. Walters, 18 Pa. 79; Evans v. Meylert, 19 Pa. 402; Duff v. Wynkoop, 74 Pa. 300. The defendant's title could not, therefore, be affected by the fact that, some months after the judgment on the scire facias, the plaintiff, Mary Dalfonza, who was devisee of this property under her husband's will, was declared a lunatic, and that said lunacy related back to a period anterior to the judgment. This was a fact which did not appear upon the record of the judgment, and of which the defendant had no notice at the time he purchased at the sheriff's sale.

The plaintiff claimed, however, that the lien of the judgment had expired prior to the issuing of the scire facias; that the lien was lost, and the revival proceedings were a nullity. If the plaintiff had been a terre-tenant, there would have been force in this contention. She was a devisee, however, and an heir or devisee is a mere volunteer, and takes but what there is left of his ancestor's or testator's estate after the debts are paid. He is not a terre-tenant: Horner v. Hasbrouck, 41 Pa. 169. And a judgment against a decedent in his lifetime remains a lien against him, his heirs and devisees, without revival: Brown's App., 91 Pa. 485; McCahan v. Elliott, 103 Pa. 634.

This was admitted to be the law prior to the passage of the act of June 1, 1887, P. L. 289. It was contended, however, that this act changed the law in this respect, and that a judgment ceases to be a lien against the real estate of the debtor, or his heirs and devisees, unless revived within five years; in other words, that the defendant in the judgment, his heirs and devisees, are protected precisely as are purchasers, mortgagees, and other lien creditors. We see nothing in the act to give it the effect claimed for it, and we feel quite sure the legislature would not have made as sweeping a change as this in the law, without expressing such intention in the clearest language. The act deals with terre-tenants, and we have already seen that Mrs. Dalfonza does not occupy that position.

Judgment affirmed.