# DeWitt, Appellant, *v.* Lehigh Valley Railroad Company.

*Railroads—Land damages—Parties entitled—Remainderman—Lien of judgment—Judgment—Decedent's estates.*

Where a railroad company has paid into court a fund representing damages for the destruction of a dwelling house by sparks, and it appears that at the time of the fire, the house and the land connected with it were in the possession of a life tenant, and that the remainderman had judgments against him which were a lien upon his estate in remainder, and it

also appears that subsequent to the fire the remainderman died, and that thereafter the land was sold, the fund paid by the railroad company into court, is an asset subject to the life estate for the payment of the remainderman's debts, and does not go to his heirs free from such obligation.

Argued Jan. 13, 1902. Appeal, No. 49, Jan. T., 1902, by plaintiff, from judgment of C. P. Wyoming Co., Jan. T., 1901, No. 11, on case stated in suit of Celestia DeWitt et al. v. Lehigh Valley Railroad Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Case stated to determine ownership of a fund paid into court.

The facts appear by the opinion of the Superior Court.

The court in an opinion by DUNHAM, P. J., made the following order:

This fund belongs to Celestia DeWitt during her life, or Celestia DeWitt is entitled to the use of the same during her life. She can either receive the interest upon the same, or, if she prefers to take the fund, upon filing a bond for $616, with surety approved by court, conditioned to pay the same to the persons entitled thereto upon the death of Celestia DeWitt, she can take the fund.

Upon the death of Celestia DeWitt two thirds of the fund goes to the children of Frank W. DeWitt, or $205.33—one third to each child, or $68.44⅓ to Melissa DeWitt, $68.44⅓ to Clinton DeWitt and $68.44⅓ to Decker DeWitt; upon the other third, or $102.67, Ettie M. DeWitt is to receive the interest during her life, and upon her death it goes to the three heirs, above named, of Frank W. DeWitt, equally.

Distributed as above set forth, October 19, 1901.

*Error assigned* was the order of the court.

*C. O. Dersheimer* and *James W. Piatt*, for appellants.—At the death of F. W. DeWitt his property fell into the lap of the law for distribution, and so it must remain: Nice's App., 54 Pa. 200.

At the death of F. W. DeWitt his lands, (this dwelling house part of his farm), became assets by operation of law for the payment of the liens against them, and vested in the heirs,

defeasible in behalf of creditors: Horner v. Hasbrouck, 41 Pa. 169; Milliken v. Kendig, 2 P. & H. 477; Luce v. Snively, 4 Watts, 396; Swar's App., 1 Pa. 93; Jones's App., 99 Pa. 124; Nichols's App., 128 Pa. 428; Shannon v. Newton, 132 Pa. 375; Smith v. Seaton, 117 Pa. 382; McCoy v. Scott, 2 Rawle, 222; Watt's Estate, 168 Pa. 431; Brough's Estate, 71 Pa. 460; Miller's App., 35 Pa. 481.

Where incumbered land is taken by right of eminent domain, the lien of the incumbrance is shifted to the money, and distribution made to the creditors: Phila. & Reading R. R. Co. v. Penna. Schuylkill Valley R. R. Co., 151 Pa. 569; Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411, 419; Reese v. Addams, 16 S. & R. 40; Phila. v. Dyer, 41 Pa. 470.

Though the lien creditor has no right of action, the owner is the trustee for all who are interested, whose rights the court will protect in distribution by ordering the money in court: Reese v. Addams, 16 S. & R. 40; Knoll v. New York, etc., Ry. Co., 121 Pa. 467; Workman v. Mifflin, 30 Pa. 362; Powell v. Whitaker, 88 Pa. 445.

Damages occasioned to a tract of land owned by several parties may be assessed in gross, and the jury may apportion the same among the several claimants: Getz v. Philadelphia & Reading R. R. Co., 105 Pa. 547; Pittsburg & Steubenville R. R. Co. v. Hall, 25 Pa. 336.

Celestia DeWitt, or the children of F. W. DeWitt would not have been permitted to remove the building, nor do any lasting injury to the land. Had any of them removed the building an action would lie against them for so doing: Christian v. Mills, 16 W. N. C. 393; Roberts v. Dauphin Deposit Bank, 19 Pa. 71; Weed v. Hall, 101 Pa. 592; Witmer's Appeal, 45 Pa. 455; Glass v. Glass, 6 Pa. C. C. Rep. 408; Irwin v. Covode, 24 Pa. 162.

*James E. Frear*, for appellee.—A judgment being a general and not a specific lien, the creditor has no interest in the fund derived from loss by fire: Grevemeyer v. Southern Mutual Fire Ins. Co., 62 Pa. 340; Light v. Countrymen's Mutual Fire Ins. Co., 169 Pa. 310.

The heir is entitled absolutely to damages for trespass as

against the creditor of the ancestor : McCoy v. Scott, 2 Rawle, 222.

The proceeds of sale become assets in the hands of administrator to pay debts : Watt's Est., 168 Pa. 432.

While real estate of decedent may be taken to pay his debts, yet, until it is actually taken for this purpose, it belongs to the heirs : Kreider v. Kreider, 1 Miles, 220 ; Price v. Johnston, 4 Yeates, 526 ; McCoy v. Scott, 2 Rawle, 222 ; Watt's Est., 168 Pa. 431.

OPINION BY W. D. PORTER, J., July 10, 1902 :

The defendant having paid into court the sum declared for by the plaintiffs in this action, for the purpose of distribution among the parties entitled thereto, the plaintiffs agreed upon the case stated and submitted to the court the question of distribution upon the following facts : Celestia DeWitt was seized of an estate during her own life in a farm upon which there was a dwelling house ; the remainder in fee was in Frank W. DeWitt: upon the latter estate judgments held by Perry S. Billings were liens ; Frank W. DeWitt died on June 12, 1899, intestate and insolvent, leaving to survive him a widow and three minor children, who have for their guardian, W. U. Shaw ; letters of administration upon the estate of Frank W. DeWitt were issued to A. M. DeWitt. In March, 1900, sparks from an engine of the Lehigh Valley Railroad set fire to the dwelling house on the farm, resulting in the total destruction of the building, which was not insured, and the railroad company paid this fund into court in settlement of the damages for the loss of the house. Perry S. Billings died in June, 1900, and letters of administration on his estate were granted to W. P. Billings. The farm was sold at orphans' court sale, on October 6, 1900, and the estate of Perry S. Billings became the purchaser. All the above named parties in interest have joined as parties in the case stated. The court below awarded the interest of the fund to Celestia DeWitt during her life, and decreed that after her death two thirds of the principal should be paid to the children of Frank W. DeWitt, and that the interest on the remaining one third should be paid to Melissa DeWitt, widow of Frank W. DeWitt, during her life, and upon her death the principal to the children of Frank W. DeWitt.

A. M. DeWitt, administrator of Frank W. DeWitt, deceased, and W. P. Billings, administrator of Perry S. Billings, deceased, have appealed from this decree.

There is no question as to the right of Celestia DeWitt to receive the interest from the fund during her natural life; her right is superior to that of either the creditors or widow and heirs of Frank W. DeWitt, and that part of the decree which awards to her the use of the fund during her life must stand. The issue arises between the widow and heirs of Frank W. DeWitt, deceased, upon the one side and the creditors of said decedent's estate upon the other. The learned judge of the court below was of opinion that the only question arising under the case stated was, " Who were the owners of the property at the time it was destroyed, or who could have maintained an action against the company to recover damages for its destruction ? " There can be no question that the legal title to the estate in remainder was in the heirs of the deceased, subject to the right of his widow, and that the right of action was in them, but that alone does not, in our opinion, determine the rights of these parties. The estate of a decedent in Pennsylvania is cast upon the heirs at law directly the ancestor dies, subject, however, to the jurisdiction of the orphans' court to administer the same, both real and personal, first of all for the benefit of creditors and next for legatees, devisees and heirs. " We usually define the heir to be one upon whom the law casts the estate at the death of the ancestor, but with us the estate is cast subject to the jurisdiction of the orphans' court. Heirs are thus postponed to creditors. If it be said, as for some purposes it is correct to say, that the estate vests in the heir directly the ancestor dies, it must be understood to be a contingent interest, defeasible in behalf of creditors. What really vests in the heir is the title to the residuum, or, in the language of the act of 1834, 'the surplusage of the estate.' This is what the law casts on the heir : " Nichols's Appeal, 128 Pa. 428 ; Lucas's Appeal, 53 Pa. 404 ; Horner & Roberts v. Hasbrouck, 41 Pa. 169. When Frank W. DeWitt died, the law undertook the settlement of his affairs. The rights of creditors then attached to his estate when it fell in gremium legis, and so they must remain. The legal title to the estate in remainder passed to the heirs of Frank W. DeWitt, but they

were mere volunteers, not terre-tenants ; and took but what was left of their ancestor's estate after his debts were paid : Shannon v. Newton, 132 Pa. 375 ; Smith v. Seaton, 117 Pa. 382.   The heir takes the place of his ancestor, in regard to the land, subject to the liens which bind it, but not its profits.   The heir is entitled to possession of the land and to receive its rents, issues and profits.   The land is only pledged sub modo for the payment of the debts of the deceased, and the legal title remains in the heir until divested in the manner provided by law.   If the administrator collect the rents, he must, in the absence of an agreement, account to the heir: Sloan's Appeal, Watt's Estate, 168 Pa. 423.   If a trespass be committed, which is an injury only to the possession, or affects only the present profits, the right of action is in the heir and the damages are his absolutely: McCoy v. Scott, 2 Rawle, 222.

The building which was destroyed was a part of the freehold, the injury was not merely consequential; a part of the corpus of the estate upon which the creditors had a lien has been unlawfully taken.   The right of action for the injury to the estate in remainder was in the heirs, for in them was the legal title. When they recovered they had a right to recover the entire damage to the whole estate in remainder, in order to avoid multiplicity of actions.   The creditors of Frank W. DeWitt could not bring an action nor could the administrator, for neither had any estate in the land.   He who has the legal title recovers all the damages for the estate which he represents.   Had the right of the heirs of Frank W. DeWitt to recover been limited to the value of their interest in the land, they could have recovered nothing, for it is here admitted that the entire estate of Frank W. DeWitt was not sufficient to pay his just debts.   But it is conceded that the railroad company has paid into court a sum which covers the entire damage to the freehold.   The decree of the court below, therefore, awards to the children of Frank W. DeWitt the money which represents compensation for the destruction of a building, which was in equity the property of the creditors, and in which the heirs had no interest which was of any value.   The heirs are not personally liable for the liens upon the land, and the only source from which the creditors of the decedent can hope for payment is the property of which he died possessed.   When the property was destroyed the remedy

of the creditors, whose legal representative is the administrator, was through the heirs as trustees of the title for the lien creditors: Reese v. Addams, 16 S. & R. 40 ; Workman v. Mifflin, 30 Pa. 362; Powell v. Whitaker, 88 Pa. 445; Knoll v. N. Y., etc., Ry. Co., 121 Pa. 467 ; Philadelphia & Reading Railroad Co. v. Pennsylvania Schuylkill Valley Railroad Co., 151 Pa. 569. A recovery in the name of the owner in such a case is to be controlled for the benefit of the lien creditors.   The fund was in this case paid into court for the purpose of distribution in accordance with the rights of the parties.   While, strictly speaking, the fund in question is not the proceeds of real estate bound by the lien of decedent's debts, it really represents to that extent the realty that was injured and destroyed by fire.   If the railroad company had, under an amicable arrangement with the life tenant, fully restored the building, the contingent interest of the heirs of Frank W. DeWitt in the estate in remainder would have suffered no prejudice whatever, and the entire property would have remained subject to the lien of the debts. When the railroad settled with all the parties and paid the money into court for the purpose of distribution, the fund represents compensation for the building destroyed, and the claim of the heirs thereto is subordinate to that of the creditors.   It is but equitable that the fund which is to compensate for the destruction of the building should be appropriated to those who suffer loss by such destruction : Nichols's Appeal, 128 Pa. 428.

Decree reversed and record remitted, with instructions to distribute the fund in accordance with the foregoing opinion. Costs of this appeal and expenses of distribution to be paid out of the fund.

Rice, P. J., and W. W. Porter, J., dissent.