# Evans *v.* Wilmer, Appellant.

*Mortgage—Proceeding in rem—Release of bond—Scire facias.*

An action of scire facias sur mortgage is purely a proceeding in rem.

A mortgagor whose bond has been released and who has no longer any interest in the land, cannot be permitted to defend in an action on a scire facias.

Where judgment is entered on a scire facias sur mortgage under a stipulation that execution shall not issue until certain mortgages and judgments shall have been satisfied by plaintiff, certain bonds surrendered and that the sheriff's advertisement shall state that the judgment does not bind defendant personally, and all of these conditions have been complied with, the defendant has no right to appeal from the judgment, and if he does so the judgment will be affirmed.

Argued Jan. 5, 1905. Appeal, No. 180, Jan. T., 1904, by defendants, from order of C. P. No. 5, Phila. Co., Dec. T., 1903, No. 2790, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Francis Evans v. Samuel S. Wilmer and John P. Smith. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense. The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court making the rule absolute.

*William H. Peace,* for appellant.—As a mortgage in Pennsylvania is only a security for the payment of money or performance of other collateral contract, it should be satisfied and canceled upon performance by mortgagor. A mortgage is a bare encumbrance and the accessory of a debt. As between the parties it is a conveyance so far as is necessary to enforce it as security : Presbyterian Corporation v. Wallace, 3 Rawle, 109 ; Berryhill v. Kirchner, 96 Pa. 489 ; Thomas's App., 30 Pa. 378 ; Asay v. Hoover, 5 Pa. 21 ; Ackla v. Ackla, 6 Pa. 228 ; Huckenstein v. Love, 98 Pa. 518 ; Kennedy v. Quigg, 6 Pa. Superior Ct. 53 ; Blim v. Wilson, 5 Phila. 78 ; Parker v. Sulouff, 94 Pa. 527.

An illegal consideration, or the failure of a lawful one, may constitute a defense to a mortgage : Saalfield v. Manrow, 165 Pa. 114.

In the present case the affidavit of defense shows practically an extinguishment of this mortgage by merger : Bank v. Burns, 87 Pa. 491.

*Thos. Raeburn White,* for appellee.—The appellant, Wilmer, cannot defend, because he has nothing at stake : Wilson v. McCullough, 19 Pa. 77 ; Hartman v. Ogborn, 54 Pa. 120 ; Broomell v. Anderson, 8 Atlantic Repr. 764 ; Reap v. Battle, 155 Pa. 265 ; Hunsicker v. Richardson, 3 Pa. Dist. Rep. 178 ; Kennedy v. Quigg, 6 Pa. Superior Ct. 53.

OPINION BY MR. JUSTICE POTTER, February 20, 1905 :

This case was a scire facias sur mortgage. The writ was issued against the defendant Samuel S. Wilmer as mortgagor and John P. Smith as the present owner. Wilmer filed affidavits of defense in which he alleged that prior to the execution of the mortgage the plaintiff had been the owner of the ground described therein ; that he had conveyed the same to the defendant Wilmer, who contracted to build upon it four houses with money to be furnished by the plaintiff, and then to convey back the title to the latter. As compensation for defendant's services in the transaction plaintiff agreed to pay and satisfy certain specified mortgages and judgments then standing unsatisfied against him. For the purpose of securing to plaintiff the value of the ground, which was fixed at $1,400, and the sum of $500 in cash advanced by him, a bond and mortgage for $1,900, being the mortgage in suit, were given him by Wilmer. The agreement for the reconveyance and the satisfaction of the mortgages and judgments was in writing and was set forth in the affidavit of defense. After the houses were finished Wilmer furnished the plaintiff a complete release of liens and conveyed the title to one John P. Smith, plaintiff's appointee. It was alleged that the plaintiff had failed to return Wilmer's bond for $1,900, which accompanied the mortgage, and had not satisfied the judgments and mortgages covered and contemplated by the written agreement of the parties. The defendant Wilmer therefore averred that there was noth-

ing due upon the mortgage and that it should have been satisfied by the plaintiff.

The defendant John P. Smith, also filed an affidavit of defense in which he disclaimed having any interest in the mortgaged premises and averred that the real and actual owner was the plaintiff, Francis Evans.

A rule was taken for judgment for want of a sufficient affidavit of defense and was made absolute "subject to stipulations of plaintiff's counsel filed." These stipulations were contained in a proposed agreement signed by plaintiff's counsel, which was filed of record, and provided that execution should not issue upon the judgment entered until the various mortgages and judgments mentioned in the affidavits of defense should have been satisfied; that the bond held by Evans against Wilmer accompanying the mortgage in suit and any other bonds accompanying the mortgages thereinbefore referred to should be delivered up to Wilmer, after the entry of the judgment; that any further judgments or mortgages which might be discovered by a search of the records should also be satisfied, and that in the sheriff's advertisement it should be plainly stated that the judgment in the case does not bind Wilmer personally.

The action of the court below in making absolute the rule for judgment is assigned as error. While it does not appear upon the record, yet it is averred in the paper-book of appellee that the plaintiff has complied with the stipulations and has surrendered the bond and satisfied all outstanding judgments and mortgages contemplated by the agreement. The defendant has therefore no longer any just reason for complaint. All that he had any right to ask, was given to him, under the terms of the conditional judgment entered by the court below. The judgment does not bind the defendant personally, and the execution goes against the land alone, and further than that, under the order of court, the advertisement is required to state that the judgment does not bind Wilmer individually. An action of scire facias sur mortgage is purely a proceeding in rem: Wilson v. McCullough, 19 Pa. 77; Hartman v. Ogborn, 54 Pa. 120. It is also well settled that a mortgagor whose bond has been released and who has no longer any interest in the land, as is the case here, cannot be permitted to defend in an

action on a scire facias. See the decisions of this court in Broomell v. Anderson, 6 Cent. Repr. 723 and Reap v. Battle, 155 Pa. 265.

As we read the agreement between the plaintiff and the defendant, it did not contemplate the satisfaction of the mortgage in suit. The satisfaction of mortgages and judgment to be made by plaintiff, was the compensation which was by him to be made to the defendant for his labor and skill bestowed in the building of the houses for the plaintiff. Had it not been that for some reason not apparent, the plaintiff desired to place the title to the property in the name of the defendant during the building operation, no mortgage would have been given. Had the reconveyance of the property been made to the plaintiff, the mortgage would of course have merged. But for some reason, which was presumably satisfactory to both parties, the defendant conveyed the premises to a third party, who would necessarily take subject to the mortgage. This third party, John P. Smith, who is the present owner, makes no claim of any right upon his part to have the mortgage satisfied, and he admits that no portion of the principal or interest has been paid. The transaction was evidently a short cut. Under the exact terms of the agreement, defendant would have conveyed to the plaintiff, and the mortgage would have been satisfied. Another deed would then have been required to place the title in the present owner of record, and another mortgage to secure the purchase money would have been required. The course pursued, saved the necessity of preparing and recording one deed and one mortgage. If the defendant was not willing to allow his mortgage to remain upon the property to secure the new purchase money, he should have refused to make the deed to Smith, without stipulating for the satisfaction of the mortgage. Had he then made his objection, Smith's mortgage could have been substituted. But to now order satisfaction of the mortgage in suit would be to destroy the security of the plaintiff for the purchase money presumably due him from Smith.

Under no aspect of this case does it appear that the appellant has suffered any injustice by the judgment of the court below. He had therefore no right to an appeal.

The assignments of error are overruled and the judgment is affirmed.