# Winkle *v.* Meany, Appellant.

*Decedents' estates—Real estate—Rents—Release—Executors and administrators.*

Rents of real estate accruing after a decedent's death, are not assets for the payment of his debts.

An administrator has no power to release a tenant, who holds under a lease from the heirs of the intestate, from his contract to pay rent.

The heirs of a decedent leased land to a tenant for one year with privilege reserved to the lessors of removal of lessee at any time, on ninety days' notice.    The administrator obtained an order of sale, and in order to get a better price for the property by offering immediate possession agreed to release the tenant from rent if he would give up possession.    The heirs assigned the rent to the purchaser at the sale.    *Held,* that the administrator had no power to release the tenant, and that the purchaser could recover the rent from the tenant.

Argued May 9, 1905.    Appeal, No. 264, April T., 1905, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1903, No. 671, on verdict for plaintiff in case of Elmer E. Winkle v. Frederick Meany.    Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Replevin for goods seized for rent.    Before GALBREATH, P. J.

From the record it appeared that A. C. Bruce died intestate, leaving to survive him a brother and three sisters as his heirs.

340            WINKLE v. MEANY, Appellant.

Statement of Facts—Assignment of Errors. [30 Pa. Superior Ct.

The heirs leased a farm which had belonged to the intestate to E. E. Winkle, the plaintiff, for one year with a right to end the term on ninety days' notice. The administrator of Bruce obtained an order from the orphans' court to sell the land for the payment of debts. The sale was held on July 14, 1903. On the day of the sale the administrator agreed with the tenant that the latter should be relieved of payment of rent if he would surrender the premises on or before November 1, 1903. The heirs subsequently assigned the lease to Frederick Meany, the purchaser at the sale. Winkle moved from the farm on November 2, 1903. Meany would not permit him to remove certain goods, and subsequently Winkle brought this suit.

Defendant presented these points :

1. Under all the evidence the verdict should be for the defendant. *Answer :* That, gentlemen, we cannot affirm, but leave that to be found by the jury. [1]

2. If the court refuses to so charge then, that under the terms of the lease in question the lessors had the right to remove the lessee at any time, upon giving said lessee ninety days' notice. *Answer :* As we said to you in the charge it is unnecessary the court should construe that particular clause in this agreement, for the reason it was not called into effect. It was not called into operation, no notice was given, and therefore it is unnecessary and idle to speculate as to what might have been the result if notice had been given. [2]

3. If the jury find from the evidence that the plaintiff, Elmer Winkle, understood that the terms of his agreement with James E. Smith, administrator, were that he, Winkle, was to give up possession of the farm on November 1, 1903, and if he did so that the rent due October 1 would be canceled, and that the administrator understood that the terms were that he was to leave October 1, there would be no assent of minds or agreement of the parties, the rent due October 1 would not be released and the verdict should be for the defendant.

In answer to that point, gentlemen, we simply say if no agreement was entered into then, of course, the verdict would have to be for the defendant. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1—3) above instructions, quoting them.

*William A. McConnel,* for appellant.


*J. H. Cunningham,* for appellee.


OPINION BY BEAVER, J., March 12, 1906:

Whilst it is true that "Lands of a decedent are assets for the payment of his debts, and may be taken in execution and sold for this purpose, notwithstanding the fact that they have been sold by the heirs to bona fide purchasers:" 4 P. & L. Dig. of Dec. 6330, it is also true that "Rents of real estate accruing after decedent's death are not assets for the payment of his debts, and it makes no difference that the rents are reserved to the lessor, his executors, administrators or assigns."

"The heir is not accountable either to the administrator or creditors of an intestate for the rents and profits of the real estate which accrue after the death of the ancestor, and an administrator who collects the rents and profits of the real estate of the intestate holds them as trustee for the heirs, and not for the creditors:" 4 P. & L. Dig. of Dec. 6332 et seq.

The latter doctrine was early recognized in McCoy v. Scott, 2 Rawle, 222, in which it was said: "Although lands in Pennsylvania are considered as chattels for the payment of debts, yet in the case of an intestacy the real estate goes to the heirs and the personal estate to the legal representatives. . . . When lands are wanted for the payment of debts, there is a mode pointed out by the act of assembly which the administrator is bound to pursue, for the real fund is not absolutely, but sub modo, assets in his hands. Until this proceeding takes place the administrator has nothing to do with the real estate."

It was also recognized in Morrison's Estate, 196 Pa. 80, in which Mr. Justice FELL said: "While in this state lands are assets for the payment of debts, they are not assets in the hands of an administrator, and without an order of the orphans' court he has nothing to do with them. In case of intestacy they descend to the heirs, and if needed for the payment of debts there is a mode pointed out by the act of assembly which the administrator is bound to pursue, 'for the real fund is not absolutely, but sub modo, assets in his hands:' McCoy v. Scott, 2 Rawle, 222 ; Bakes v. Reese, 150 Pa. 44."

To the same effect our Brother PORTER said, in DeWitt v.

Railroad Co., 21 Pa. Superior Ct. 10, although the direct question was not there involved : " The heir takes the place of his ancestor, in regard to the land, subject to the liens which bind it, but not its profits. The heir is entitled to possession of the land and to receive its rents, issues and profits. The land is only pledged, sub modo, for the payment of the debts of the deceased, and the legal title remains in the heir until divested in the manner provided by law. If the administrator collect the rents, he must, in the absence of an agreement, account to the heir."

It follows, therefore, that the administrator had no more right to release the tenant, who held under a lease from the heirs, from his contract to pay the rent than he had to collect what was due thereunder. It is alleged by the appellee that the administrator undertook to do this for the benefit of the creditors, for the reason that the real estate, for the sale of which he had procured an order of sale from the orphans' court, would not sell advantageously unless possession could be given before the lease expired. It is clear that he could not do this at the expense of the heirs, and if not, then the assignment by the heirs to Meany, the defendant in the replevin, who purchased the real estate at the administrator's sale, was good, and if so, he was entitled to distrain the property left upon the premises by the plaintiff in the replevin, who was the tenant of the heirs, for the rent then due. This being so, the defendant's first point, the refusal to answer which constitutes the first assignment of error, should have been affirmed and a verdict directed for the defendant.

No wrong was done the tenant. By the terms of the lease with the heirs he had covenanted that he would " remove from and give peaceful possession of the premises hereby leased within ninety days after he shall have received from the lessors notice to vacate the premises, without any redress at law." The sale was made by the administrator July 14, 1903. He removed from the premises November 2, 1903. The sale was of itself a sufficient notice that the lease should be surrendered, and more than ninety days elapsed between the date of the sale and his removal.

The real question involved was not whether the administrator and the plaintiff here agreed as to the time when the plaintiff

should surrender possession, but whether the administrator had a right to make such an agreement with him. We are clearly of the opinion, under the authorities, that he had no such right, but, on the other hand, that the assignment by the heirs to Meany, the purchaser at the administrator's sale and the defendant in the replevin, was valid and the claim for the rents, as made by him under the assignment, was good.

The answers to the other points submitted by the defendant, in this view of the case, become practically irrelevant.

We are of the opinion that a verdict should have been directed for the defendant, as there was no dispute as to the essential facts upon which the defendant's right to the rents due the heirs rested. This disposes of the entire case.

Judgment reversed.