# Gilliford's Estate.

*Wills—Construction—Payment of debts—Income—Gift to wife.*

1. The first duty of executors is the payment of testator's debts, either, under the statute by the use of the personalty, or by testator's direction.

2. Ordinarily, the assets of the estate in the established order of precedence, including corpus and income, are used to pay debts.

3. The testator may by will direct the debts to be paid from a certain fund or property, or he may, by express direction or a necessary implication from the will as a whole, relieve entirely the personalty, or a bequest of income, from the obligation to pay debts, but in such case the estate must be solvent.

4. Where a legacy from income has become liable for debts because of insufficient or nonproductive assets, or otherwise, thus requiring the sale of a sufficient income-producing corpus, the legal representatives cannot so administer the estate as to deprive the legatee for a long time of the benefit of the income.

5. Where a testator in disposing of a solvent estate gives the income to his wife, and nowhere indicates that the income should be burdened with debts, and the corpus is sufficient to pay all debts,

the administrators cannot prolong liquidation in such a way as to force the income to pay all debts, and deprive the widow of what was directly expressed to be hers.

Argued October 13, 1924. Appeal, No. 58, Oct. T., 1924, by Colonial Trust Company and John B. Keaggy, trustees under will of Robert H. Gilliford, deceased, from decree of O. C. Allegheny Co., June T., 1923, No. 228, dismissing exceptions to adjudication, in estate of Robert H. Gilliford, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Appeal by Colonial Trust Company and John B. Keaggy, trustees under decedent's will.

*Error assigned* was decree, quoting record.

*George J. Shaffer,* for appellants.—The right of a legatee or distributee to his legacy or distributive share is suspended until the debts and liabilities of the estate have been satisfied: Blake's Est., 134 Pa. 240; Dewitt v. R. R., 21 Pa. Superior Ct. 10; Nichol's App., 128 Pa. 428; Watt's Est., 168 Pa. 431.

*Albert Barnes Smith,* for appellee.

OPINION BY MR. JUSTICE KEPHART, November 24, 1924:

The question before us is, To what extent if any may income, under the terms of testator's will, be applicable to the payment of debts? The estate was of a gross value approximating $250,000, and a clear net value of $90,000.

Robert H. Gilliford died March 28, 1919, without issue, leaving to survive him his wife, who died September

21, 1920. The present litigation is the result of a dispute between his residuary legatee and the representatives of his widow's estate.

As it relates to the matter now in question, the will bequeathed to his wife "the sum of $100 per month, payable from the principal or corpus of my estate...... until my residuary estate hereinafter mentioned shall produce an annual net income equal to $100 per month." All the rest, residue and remainder is given to trustees for the following uses and purposes: "(a) To pay the net income as hereinafter denied to [his] wife......for and during the term of her natural life"; (b) at the death of his wife, it is to be divided into two parts, to be paid at different times to the American Unitarian Association of Boston. In determining the net income it stated the "executors or trustees" should deduct from the gross revenue, including rents, dividends and other income on hand, "all taxes, insurance premiums, repairs and expenses of administering the trust." There are other minor paragraphs which will be spoken of in the course of this opinion.

It is the contention of appellants that the "rest, residue and remainder,"—the income from which only is payable to the wife,—could not be ascertained until there had been an adjudication of it, or certainly not until the "rest, residue and remainder" had been determined as a fact by payment of debts; meanwhile all income and corpus was subject to payment of debts. The appellee, not controverting this proposition as a general rule, contends that, viewing the will as a whole, testator determined a different method for the payment of debts, the ascertainment of net income and its disposition; and that the widow's estate was entitled to the gross income from the date of the husband's death to that of the wife, less the deductions as provided in the will; and this was the view of the court below. There is no question but that the balance at Mrs. Gilliford's death was a trifle over $2,900.

Ordinarily the assets of the estate in the established order of precedence, including corpus and income, are used to pay debts: Hoover v. Hoover, 5 Pa. 351, 356. The testator may by will direct the debts to be paid from a certain fund or property, or he may, by express direction or a necessary implication from the will as a whole, relieve entirely the personalty or, as here, a bequest of income from the obligation to pay debts.   The estate must in such case be solvent.   Where a legacy from income has become liable for debts because of insufficient or nonproductive assets, or otherwise, thus requiring the sale of a sufficient income-producing corpus, the legal representatives cannot so administer the estate as to deprive the legatee for a long time of the benefit of the income. The first duty of course is the payment of debts, either under the statute by the use of the personalty, or by testator's direction: Blake's Est., 134 Pa. 240, 249; DeWitt v. Lehigh Valley R. R. Co., 21 Pa. Superior Ct. 10, 14; Fiduciaries' Act of 1917, section 13 (a) P. L. 475. And the testator may exempt the income from any liability whatsoever for debts, there being other assets sufficient to pay them.

What was the intention of testator as to the payment of debts when he made the specific bequest of income to his wife?   Undoubtedly he directed their payment; that appears in the first paragraph of his will.   He created two estates; one in the hands of the executors and another in the hands of the trustees, the same persons acting in both capacities, from which latter estate the income was to be paid.   As stated by the learned President Judge of the court below, "While it may be technically true the amount of the trust estate could not be ascertained until after administration had been completed, which under ordinary circumstances would be the beginning of the time upon which income should be payable to the widow," the ascertainment of this fact does not aid where the intention of the testator was to give the widow the net income from his entire estate, specifically

describing how it should be arrived at, and this whether in the hands of the trustees or executors. The eleventh paragraph reads, "my executors and trustees" shall deduct from the gross income. The will recognizes two independent sets of officials. The fifth paragraph creates a trust of the "rest, residue and remainder," and imposes the obligation to pay the net income, as hereinafter defined, to his wife, but in another paragraph treats net income as part of his general estate, when he directs his executors to deduct from the gross only items mentioned in paragraph eleven; as a necessary inference, he excluded payment of debts when they were handling the property. While the trustees were to pay, the will in this particular so blends the duties of trustees and executors that even if the rest, residue and remainder had not been determined at her death, yet when it is fixed, as here, the executors must turn over to the trustees the accumulated income as net and the trustees must pay it to the widow's estate. This accounting and decree reaches the same result. Therefore the failure to determine the residue if necessary will not ordinarily defeat or indefinitely suspend payment to the widow. Testator's dominant purpose was to provide for his wife, and by his will he disposed of everything; there is no residuary bequest of income. He wanted his wife to receive the net income as soon after his death as possible, and gave her temporary relief in payments of $100 per month from the corpus. The "rest, residue and remainder" referred to was the corpus of the entire estate, ascertainable at his death. He certainly did not mean the debts were to be paid solely from income, and that settlement of the estate could be prolonged for that purpose. The estate was sufficient in corpus to pay the debts, and while it was in a state of transition, whatever it earned by way of rents, dividends, etc., belonged to the widow, subject to the deductions mentioned in the will. Nowhere in the will is it suggested that the income should be burdened with debts. It was likely to be diminished; when a

certain part of the corpus was used to pay debts, the rents and dividends coming from that source automatically disappeared. If appellant's view were adopted there would be nothing (saving creditors' demands and failure to negotiate loans) to prevent the executors from prolonging liquidation, forcing the income to pay all the debts and denying to the widow what was expressly directed to be hers; and this continuing until the accountants saw fit to pay and file an account.

Some point is made of testator's wish to preserve certain bank stock; but this does not affect the question. He realized the necessity to sell. Still realizing this necessity, and knowing that part of his bank stock must ultimately be sold, and giving the executors time to convert, he in no way disturbed the wife's position under the will. On the contrary, testator, in disposing of his estate after her death, expressly recognized the fact that the widow owned the income, for no part of it is included in the residuary estate. The authorities requiring income to be subjected with the corpus to the payment of debts are not in point. What we here pass on is testator's wishes as evidenced by his will, and from it the court below was clearly right in holding the widow was entitled to the gross income, subject to the deductions mentioned in the will.

The decree of the court below is affirmed, cost to be paid by appellant.